

**FILED**
**AUG. 23, 2021**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUN RUSHING,<br><br>        Plaintiff,<br><br>  v.<br><br>U.S. BANK,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 21-2135 (UNA) |

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of plaintiff's application to proceed *in forma pauperis* ("IFP"), ECF No. 2, and his complaint, ECF No. 1. The application will be granted, and this case will be dismissed for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a resident of Grand Rapids, Michigan, who has sued U.S. Bank for "$110 Trillion dollars." In the one-page pleading, plaintiff suggests that the private defendant played some role in his arrest and criminal prosecution in an unknown State. Plaintiff has neither specified the basis of federal court jurisdiction nor pled sufficient facts to establish jurisdiction. Further, the citizenship of each party is not "distinctly" alleged, *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), to proceed under the diversity statute. Therefore, this action will be dismissed. A separate order accompanies this Memorandum Opinion.

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

Date: August 23, 2021